FILED

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2007 SEP 21  AM 11: 51

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

---

RICARDO WASHINGTON, 88C0386,

        Plaintiff,

    -v-

DEL ATWELL,

        Respondent.

**DECISION AND ORDER**
07-CV-6423CJS

---

## INTRODUCTION

Plaintiff, Ricardo Washington, an inmate of the Oneida Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed in forma pauperis, filed a signed Authorization (Docket No. 2), and requested appointment of counsel (Docket No. 3). Plaintiff claims that the defendant, attorney Del Atwell, violated his rights when he failed in his duty to plaintiff by failing to perfect plaintiff's Parole denial appeal in a timely manner. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a)

of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. See *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "The settled rule is that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) (citations and internal quotation marks omitted) (applying both §§ 1915 and 1915A). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that plaintiff's claim must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (ii) and 1915A(b) because it

fails to state a claim upon which relief may be granted. For that reason, plaintiff's request for appointment of counsel is denied as moot.

Plaintiff has named Del Atwell, an attorney who was assigned to represent plaintiff on a parole denial matter, as the defendant in this § 1983 action. In order to support a § 1983 claim, the defendant must be acting under "color of state law." It is well established, however, that an attorney representing a client in a criminal trial, whether that attorney is a public defender, legal aid attorney or court-appointed counsel, is not acting under the color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981). Here, plaintiff has not alleged that defendant was an employee of, or contracted with, the state. In general, a private attorney representing a client in either a civil or criminal action is not a state actor for purposes of § 1983. See *Srubar v. Rudd, Rosenberg, Mitofsky & Hollender*, 875 F. Supp. 155, 163 (S.D.N.Y. 1994), *aff'd* 71 F.3d 406 (2d Cir. 1995); *McArthur v. Bell*, 788 F. Supp. 706, 710-11 (E.D.N.Y. 1992). In order for liability to attach under § 1983, the attorney must conspire with state actors, even if the state actors are themselves immune from § 1983 liability. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). Plaintiff has made made no argument that defendant conspired with the prosecution in any way. *See, e.g., Tower v. Glover*, 467 U.S. 914, 923 (1984) (public defender who conspired with state officials held liable under Section 1983); *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Thus, the complaint must be dismissed because the defendant was not acting

under "color of state law" and therefore no § 1983 claim against him may be maintained.

Further, plaintiff's allegations appear to be either an allegation of malpractice or an allegation more properly made in a petition for habeas corpus. A malpractice claim is a state court claim of negligence over which this Court does not have jurisdiction, see, e.g., Daniels v. Williams, 474 U.S. 327, 330-31(1986) (mere negligence on the part of state officials is not actionable under § 1983), and the Supreme Court has held that a habeas corpus claim does not constitute a cognizable cause of action under § 1983.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Heck v. Humphrey, 512 U.S. 477, 487 (1994). Plaintiff has made no claim that his conviction has been invalidated or called into question by a writ of habeas corpus; therefore, his claim must be dismissed for this reason, as well.

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee. Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. Because the complaint is dismissed, plaintiff's request for appointment of counsel is denied as moot. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. *See* 28 U.S.C. § 1915(g).

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438(1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the complaint is dismissed with prejudice; and

FURTHER, that plaintiff's request for appointment of counsel is denied as moot; and

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Sept. 21, 2007